**Otis Harris CHUPP, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14286.**

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

Ralph Samara, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Otis Harris Chupp, hereinafter referred to as the defendant, was charged by information in the Court of Common Pleas of Oklahoma County with the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, case

#35646. He was tried by a jury, found guilty, and sentenced to Thirty Days in the County Jail and to pay a fine of $150.00. From that judgment and sentence he has perfected his appeal to this Court alleging numerous assignments of error.

In order to meet the increased burdens of a huge caseload, this Court has found it increasingly necessary to implement the provisions of 20 O.S. § 47, as amended by S.B. 450, § 2, 1953 Legislature, the same providing:

> In a misdemeanor case, where a careful reading of the briefs of the appellant and the State, as well as a careful examination of the record or casemade, discloses no reversible error, and where there is ample evidence to support the verdict of the jury (or judgment of the court in absence of the jury), and judgment rendered, this Court may affirm such judgment by summary order, or brief statement, or by opinion of length, as the Court may see fit.

We feel that this is a case where it is unnecessary to recite the evidence or the law, but that in order to speed up the disposition of the many cases pending on appeal, the case should be properly disposed of by memorandum opinion as authorized by the Legislature, supra.

In the instant case, we have carefully reviewed the record and briefs, and are of the opinion that the defendant had a fair and impartial trial, that the issues were properly submitted, that the instructions fairly and correctly state the law applicable to the case, that the evidence supports the verdict, and that all constitutional and statutory rights of the defendant were protected.

We are of the further opinion that the allegations raised by defendant on appeal are without merit, and have no basis in fact or in law.

The judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.